[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In 1996 the defendant and her husband were having a single family residence built in the town of Ellington. The Williams' dealt with multiple contractors, (approximately 20) for various stages of construction.
On or about June 6, 1996 Candy Williams entered into a written agreement with the plaintiff Craig Anthony, for Anthony to paint the ceilings, interior wails and wooden trim for a total price of $9000.
Anthony began painting the residence in the summer of 1996 and worked regularly at the job until the end of August. At that time he obtained a full time job as a physical education instructor and was limited to working evenings and weekends.
The Williams' moved into the home in October 1996. At that time the majority of the painting was done, but not all and the parties created a "punch list" of work to be done. The plaintiff claims it was completed while the defendant claims some work was never done.
During the fall of 1996, Anthony, because of his unavailability, arranged to have friends or relatives do some of the painting.
The defendant made three payments totaling $5400 to Anthony. Anthony seeks the unpaid balance under the contract plus $1500 for extras he claims were done at Williams' request, which included a room over the garage, some outside staining, staircases, railings and exterior columns. CT Page 16926
The defendant has filed a counterclaim alleging the painting was not done in a workmanlike manner and alleging it will cost $8590 to remediate the work.
The defendant has also filed a special defense alleging a violation by Anthony of the Home Improve Act (hereinafter HIA). Connecticut General Statutes § 20-418 et. seq.
Section 20-420 provides that any home improvement contractor or salesman must register with the Commissioner of Consumer Protection and obtain a Certificate of Registration.
Section 20-419 (4), in relevant part, defines home improvement as including "but not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sand blasting of, or addition to any land or building on that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property . . ." "Home Improvement does not include (A) the construction of a new home."
 I Does the Home Improvement Act bar the plaintiff fromrecovering?
The plaintiff has not registered as a Home Improvement Contractor and, unless exempted by the "construction of a new home" language of § 20-419 (4) would be barred from recovery.
The defendant relies on the seminal case of Rizzo Pool Co. v.Del Grosso, 232 Conn. 666 (1995) in her argument that painting, even of a new home, is not considered "construction". Rizzo Pool
is readily distinguishable from the facts in this case. RizzoPool involved a couple who were constructing a new home utilizing a general contractor in that endeavor. At a point during the construction phase, they contracted with a separate contractor (Rizzo Pool) for the installation of an outdoor swimming pool, which they anticipated would be installed prior to the completion date of their new home (although the contract with Rizzo Pool specified neither a starting nor a completion date).
The Court reasoned that the swimming pool was not part of the construction of a new home, that is the swimming pool installation and the new home construction were not so CT Page 16927 interrelated, temporally or otherwise, that the installation of the pool constituted an integral part of the construction of a new home. The swimming pool was a separate structure, clearly not an integral part of the construction of a new home, although the Court suggested that a different conclusion might be required if the swimming pool was to have been installed by the general contractor, or a subcontractor hired by the general, under the contract for the construction of the new home. Rizzo F.N. 19 (p. 678).
Logically, this Court is compelled to conclude that painting of a new home is an integral part of the construction. While it may result in "beautification" as the defendant claims, other aspects of the construction process, i.e., picture windows, chandeliers, elaborate faucets, etc., also beautify, and are; it seems to this court, clearly construction.
Under the circumstances of this case, HIA is applicable as a defense.
The plaintiff contends that he completed the painting pursuant to the contract, including the punch list, and that the painting was done in a workmanlike manner. He testified that the defendant's husband, Ronald Williams, told him he would send a check for the balance.
Both parties offered expert testimony as to the quality of the paint work. The plaintiffs expert testified that the work met or exceeded industry standards, while the defendant's expert testified the paint job was of poor quality requiring scraping, repriming and repainting most, if not all of the interior. Both sides submitted photographic evidence in support of their positions together with testimony from the plaintiff and the defendant's husband.
From the evidence presented the Court finds the quality of the plaintiffs work was generally workmanlike and satisfactory. While it may have taken longer to do than anticipated, the contract did not include any specific time limitations, nor was there evidence of monetary loss due to any unreasonable delay.
There were, however, some defects noted in the paint job requiring some touch-up work and some cleaning. These, however, are not major items and the Court does not accept the defendant's claim of $8590 to remediate any defects. The defendant did not CT Page 16928 itemize her counterclaim, but presented, as stated, a proposal to essentially repaint the interior, which the Court does not accept as necessary remedial work.
Ronald Williams testified that he had earlier obtained a quote to fix the more obvious defects of $400. He also later faxed an estimate of $2800 to the plaintiffs attorney for repairs but no testimony was offered as to what work that estimate entailed.
The defendant has established she is entitled to an offset of $400 to repair the defects in the plaintiffs work.
The defendant shall also be credited with $331.75 for broken window grates caused by the plaintiff.
The plaintiff has also established that he supplied labor and material for extras not included in the contract, reasonable cost for that work was $1500.
Accordingly, the plaintiff is entitled to judgment as follows:
 The unpaid balance of the contract ($3600) plus extras ($1500).
Set off to the defendant for repairs $400.00
Credit for broken window grates 331.75
Judgment shall enter for the plaintiff in the amount of $4368.25, plus costs. (Judgment for the plaintiff on the counterclaim).
Klaczak, J.